JOHN SUTTERFIELD *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—474.]

**Criminal Law—Murder.**

In a case where the deceased had, previous to the shooting, threatened the life of the accused, and on the day of the shooting sought the altercation and was approaching the defendant in a threatening manner when he was shot by the defendant firing four shots at him, the first two taking effect, either one of which would have proven fatal, the other two not taking effect, being fired after the deceased turned to run and while he was being pursued by the defendant, the following instruction offered by the defendant should have been given: "A person free from fault, when attacked by another who manifestly intends by violence to take his life or to do him some great bodily harm, is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and if he kill in so doing, it is justifiable self-defense; and if Sutterfield (defendant), under the circumstances above stated, believed and had reasonable grounds to believe that his only safety was to pursue Butler (the deceased) and kill him, then the jury should acquit the defendant."

APPEAL FROM WASHINGTON CIRCUIT COURT.

December 17, 1881.

OPINION BY JUDGE HINES:

Appellant, charged with the murder of one Butler, was convicted and sentenced to the penitentiary for two years. The evidence tended to show that previous to the shooting Butler had threatened the life of appellant, and that on the day of the shooting Butler sought the difficulty, and was approaching appellant in a threatening manner when he was shot. Four shots were fired, the first two taking effect, and either would have proved fatal. The other two, which did not take effect, were fired after Butler turned to flee and while he was being pursued by appellant.

The court properly instructed the jury as to the law of murder, manslaughter and self-defense, but refused to give any instruction applicable to the circumstances of the pursuit of Butler by appellant. The following instruction was asked, and under the peculiar circumstances of this case ought to have been given:

"A person free from fault, when attacked by another who

manifestly intends by violence to take his life or to do him some great bodily harm, is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and if he kill in so doing, it is justifiable self-defense; and if Sutterfield, under the circumstances above stated, believed and had reasonable grounds to believe that his only safety was to pursue Butler and kill him, then the jury should acquit the defendant."

Ordinarily this instruction would be objectionable because abstract, but under the facts of this case it is peculiarly applicable. The instruction in reference to self-defense, that the accused must then and there have been in danger of loss of life or great bodily harm, may well have misled the jury, in the absence of this instruction, into the belief that no pursuit was justifiable if the first shot was effective. But that is not the law. As developed by the evidence it was one entire transaction, and if appellant was justifiable in first shooting he was equally justified in pursuing his adversary until, in his judgment, from a reasonable standpoint, it was unnecessary to do so in order to protect himself.

Judgment *reversed* and cause remanded with directions for further proceedings.

*T. C. Bell, John W. Lewis, for appellant.*

*P. W. Hardin, for appellee.*